THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JEROME J. BRADFORD *et al.*, Defendants-Appellants.

First District (1st Division)   No. 77-1835

°Supplemental opinion filed June 2, 1980.

Edward J. Overtree, of Chicago, for appellant Melvin R. Davis.

James J. Doherty, Public Defender, of Chicago (Richard D. Kharas, Assistant Public Defender, of counsel), for appellant Jerome J. Bradford.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Linda D. Woloshin, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

During the pendency of this appeal, there was a substitution of attorneys for defendant Davis. The new attorney for Davis apparently

_____
° The original opinion in this case is found at 78 Ill..App. 3d 869.

was unaware that his client had adopted the brief of co-defendant Bradford for purposes of appeal. He alleges that he never received notice of the date for oral arguments and that he was therefore precluded from raising the additional issue that the trial court erred in denying Davis' motion for severance. We have granted Davis leave to file a supplemental brief addressing this issue.

Defendant Davis argues that the trial court erred in denying his motion for severance on the grounds that the bulk of the evidence presented implicated only co-defendant Bradford. In particular, he notes that the victim of the armed robbery was able to identify only co-defendant Bradford and, further, that no cash was found on Davis when arrested. Relying on *United States v. Mardian* (D.C. Cir. 1976), 546 F.2d 973, and *People v. Mutter* (1941), 378 Ill. 216, 37 N.E.2d 790, Davis concludes that severance was required since the great disparity in the evidence of guilt against Bradford could have "rubbed off" on him.

Davis did not raise this issue below. In his petition for severance he alleged only that co-defendant Bradford's defense would be antagonistic and, further, that he believed Bradford was going to proceed *pro se* and disrupt the proceedings. In *People v. Rhodes* (1969), 41 Ill. 2d 494, 244 N.E.2d 145, the Illinois Supreme Court held post-trial arguments, supporting defendant's motion for severance, which were not raised prior to trial were untimely and irrelevant. That principle applies here since Davis first raised the issue of co-defendant Bradford's guilt prejudicing his case in a post-trial motion. The issue was raised too late.

We note further the general rule that persons jointly indicted for the commission of a crime should be tried together; the issue of separate trial being left to the sound discretion of the trial court. (*People v. Gendron* (1968), 41 Ill. 2d 351, 243 N.E.2d 208.) Here Davis was convicted of armed robbery under principles of accountability. In *People v. Hunter* (1976), 42 Ill. App. 3d 947, 356 N.E.2d 822, a conviction for armed robbery was affirmed where the co-defendant stood silently in a separate area of a restaurant while his cohort pulled a gun and emptied the cash register. In affirming the conviction, the court noted that one may aid and abet a criminal offense without actively participating in an overt act. Thus, even if Davis' motion for severance had been granted, there was sufficient evidence for him to have been found guilty in a separate trial.

We, therefore, adhere to our original decision and affirm the judgments of the circuit court of Cook County.

Judgments affirmed.

O'CONNOR and CAMPBELL, JJ., concur.